G. Llinás & Co., S. en C., recurrente, *v.* El Registrador de la Propiedad de San Germán, recurrido.

No. 931.—*Sometido:* Noviembre 5, 1934. *Resuelto:* Diciembre 14, 1934.

*L. López de Victoria,* abogado del recurrente; el registrador recurrido compareció por escrito; *F. Parra Capó,* como *amicus curiae.*

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

El registrador de la propiedad se negó a inscribir un contrato de refacción agrícola fundado en que las cosechas en cuestión ya estaban sujetas a un gravamen previamente inscrito. Esto, a nuestro juicio, no era suficiente motivo para tal negativa. El contrato debió haberse inscrito sujeto al gravamen anterior, o por lo menos sujeto al resultado de la inscripción anterior, no importa cuál fuere el mismo.

Estamos enteramente de acuerdo con el recurrente en que el contrato previamente inscrito no era uno de refacción agrícola. Quizá no debió haberse inscrito en el registro establecido por la ley relativa a contratos de refacción agrícola. Subsiste el hecho de que fué inscrito acertada o equivocadamente, y no nos detendremos a considerar la efectividad o inefectividad del asiento en relación con la cuestión de aviso implícito. Si con ello se dió aviso implícito a todas aquellas personas que más tarde pudieran tener en mente refaccionar las cosechas futuras cubiertas por tal gravamen, esto, según hemos dicho, no sirve de excusa para que el Registrador se negara a inscribir un contrato posterior de refacción agrícola. Si no existía notificación implícita como resultado de la inscripción anterior, entonces no existe siquiera un ápice de excusa o razón para tal negativa.

El gravamen anterior había sido constituído para garantizar el pago de intereses sobre hipoteca. Los acreedores hipotecarios habían convenido en prorrogar esta hipoteca a fin de permitir que los deudores hipotecarios obtuvieran un préstamo de los Estados Unidos por mediación de la "Porto Rico Hurricane Relief Commission". Los deudores hipotecarios habían convenido en entregar todo el café producido anualmente durante cierto número de años a los acreedores hipotecarios o a cualquier persona, entidad o corporación por ellos designada, para ser vendido por los acreedores hipote-

carios o bajo su dirección y supervisión. El producto de la venta después de deducir los gastos debía aplicarse al pago de intereses sobre la hipoteca y el saldo, de existir, devolverse a los deudores. Los acreedores insisten en que esto equivalía a una venta del café que así se entregara. No podemos estar de acuerdo con este criterio. El gravamen mismo dependía de que se lograra obtener el préstamo federal. El pacto de hacer entrega del café, al igual que el gravamen, se hizo solamente con la intención de garantizar el pago de intereses sobre la hipoteca. El contrato equivalía simplemente a una hipoteca de bienes muebles para garantizar el pago de intereses de otra hipoteca y no se convirtió en una compraventa a virtud del convenio de entregar las cosechas al ser recolectadas en caso de que no se pagaran tales intereses.

El hecho de que el contrato posterior de refacción agrícola también disponga la entrega de las mismas cosechas ya cubiertas por el gravamen preexitente, no altera la situación. Éste, al igual que el resto del convenio posterior, (asumiendo la efectividad de la inscripción anterior como notificación implícita) estaría, desde luego, sujeto al derecho inscrito de los acreedores hipotecarios de conformidad con los términos de su hipoteca de bienes muebles. Si el préstamo no se ha obtenido, o no se obtiene, de la "Porto Rico Hurricane Relief Commission" o si los intereses garantizados por la hipoteca sobre bienes muebles son pagados, esta última dejará de ser una especie de obstáculo para acreedores posteriores. Sea ello como fuere, si Llinás & Co. está dispuesta a efectuar préstamos agrícolas conociendo todos los riesgos que pueda envolver la transacción, ella tiene derecho a que su contrato de refacción agrícola se inscriba sujeto a los derechos de los dueños de la hipoteca de bienes muebles ya inscrita.

No importa cuán debatible sea la cuestión de aviso implícito, Llinás & Co. tiene aún derecho *a fortiori* a que se inscriba su contrato, sujeto al derecho que tengan los acreedores hipotecarios como resultado de la inscripción anterior.

*Debe revocarse la nota recurrida.*