G. Llinás & Co., S. en C., recurrente, *v.* El Registrador de la Propiedad de San Germán, recurrido.

No. 950.—*Sometido:* Abril 2, 1935. *Resuelto:* Abril 12, 1935.

*Luis López de Victoria,* abogado de la recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

En 12 de junio de 1934 el recurrente presentó para su inscripción un contrato al Registro de la Propiedad de San Germán. Se denegó la inscripción el 16 de junio y se tomó anotación preventiva por el término de ciento veinte días. En alzada, durante cuya tramitación intervinieron las vacaciones de este tribunal, revocamos la nota recurrida y en 14 de diciembre de 1934 ordenamos la inscripción. *G. Llinás & Co.* v. *Registrador,* 47 D.P.R. 817.

Entonces el recurrente presentó nuevamente su contrato y el registrador se negó a inscribirlo a menos que éste acompañara nuevos sellos de rentas internas. La teoría del registrador fué que toda vez que habían transcurrido los ciento veinte días, él carecía de facultad bajo la ley para dar nuevos pasos sin el pago de los derechos.

La sección 6 de la ley de marzo 1ro. de 1902 (Comp. 2185), tal cual fué enmendada el 13 de abril de 1916 (Ley No. 57 de 1916, pág. 115), lee como sigue:

"Cuando el Tribunal Supremo apruebe o confirme la calificación

del registrador, podrá imponer al recurrente como costas, el pago de una suma que no baje de diez ni exceda de cincuenta dólares, la cual se hará efectiva por los procedimientos de ley e ingresará en el Tesoro Insular, y si revocare la calificación del registrador, deberá hacerse la inscripción sin el pago de derechos adicionales a menos que la Corte Suprema dispusiere lo contrario.''

El texto es imperativo. La Legislatura ha indicado su intención de que en todos aquellos casos en que la nota del Registrador sea revocada, se haga la inscripción sin el pago de derechos adicionales, a menos que esta Corte Suprema disponga lo contrario. El suponer que la Legislatura se refería solamente al período de ciento veinte días haría que la sección 6, tal cual rige en la actualidad, fuera innecesaria, puesto que aun sin tal disposición, conforme el mismo registrador sostiene, de acuerdo con la Ley Hipotecaria y quizá con alguna otra, él no tendría derecho a proceder a menos que se adhirieran los sellos correspondientes.

Podría decirse que la idea es que si bien la anotación misma no pueda convertirse en inscripción, el documento debe ser inscrito independientemente, no importa cuál haya sido el efecto, de tenerlo, de la expiración del término de la anotación preventiva.

*Debe revocarse la nota del registrador y hacerse la inscripción sin necesidad de cancelarse nuevos sellos de rentas internas.*