Sucesores de Esmoris & Co., recurrente, *v.* El Registrador de la Propiedad de San Germán, recurrido.

Núm. 998.—*Sometido:* Junio 16, 1937. *Resuelto:* Junio 18, 1937.

*O. Souffront,* abogado de la recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Hutchison emitió la opinión del tribunal.

En un contrato de refacción agrícola Manuel L. Rivera admitió haber recibido algo más de $1,000, que se obligaba a pagar el 31 de diciembre de 1937, con intereses al 9 por ciento. El pago debía efectuarse en café de la próxima cosecha. Por convenio expreso entre las partes se constituyó un gravamen sobre aquella cosecha y sobre todas las cosechas futuras "mientras subsistiera la deuda."

El registrador de la propiedad recurrido anotó el contrato en lo que al gravamen sobre la cosecha corriente se refería, más denegó la anotación de la misma como gravámen sobre futuras cosechas.

La sección 4 de la ley aprobada en 10 de marzo de 1910 (Estatutos Revisados de 1911, pág. 11, sección 55) lee así:

"El crédito de refacción agrícola, desde la fecha de su presentación en el registro que más adelante se establece, tendrá preferencia a los créditos posteriores de cualquiera otra naturaleza, excepción hecha de los créditos por contribuciones a favor del Pueblo de Puerto Rico, según lo dispuesto en la ley, en cuanto a los frutos de la finca refaccionada, durante los años comprendidos en el contrato y siempre hasta que el acreedor sea completamente satisfecho del total importe de su crédito.

"En el caso de que el acreedor no hubiese sido íntegramente satisfecho del crédito, durante el plazo del contrato, deberá concertar con el deudor el oportuno documento de prórroga, o promover la demanda a que atañe la sección 9, dentro de los seis meses subsiguientes al vencimiento del contrato."

El registrador se funda en el segundo párrafo de esta sección.

El párrafo tercero de la sección primera de la misma ley provee:

"Las partes, además, podrán consignar en el contrato los pactos lícitos que estimen convenientes."

No hallamos conflicto alguno entre el párrafo tercero de la sección primera y el párrafo segundo de la sección cuarta.

El artículo 1207 del Código Civil (edición de 1930) también dispone:

"Los contratantes pueden establecer los pactos, cláusulas y condiciones que tengan por conveniente, siempre que no sean contrarios a las leyes, a la moral, ni al orden público."

Podría ser preferible que el gravamen refaccionario se limitara a la cosecha corriente, o que a las partes, al extender el gravamen en forma tal que comprenda cosechas futuras, se les exigiera que especifiquen el número de cosechas, mas éstas son cuestiones que incumben al poder legislativo. Véanse: *Colom* v. *Registrador,* 47 D.P.R. 917; *G. Llinás & Co.* v. *Registrador,* 47 D.P.R. 817; *Pérez* v. *Claudio, y South P. R. Sugar Co., inter.,* 48 D.P.R. 575.

*Debe revocarse aquella parte de la nota recurrida que se niega a anotar el contrato en lo que al gravamen sobre cosechas futuras concierne.*

El Juez Asociado Señor Córdova Dávila no intervino.